### MANUFACTURERS' & TRADERS' BANK *v.* WINSLOW *et al.*

*(Supreme Court, General Term, Fifth Department.* April 11, 1890.)

PARTIES—NEW DEFENDANTS—PLEADING.

In an action at law against the sureties on an undertaking given on appeal from a judgment, the answer alleged that property of certain third persons, in the hands of plaintiff, was applicable to the payment of the judgment, and thus to the discharge of the liability of defendants, and that this involved an accounting. An order was made, on defendants' motion, bringing in these third persons as parties defendants, and giving them "twenty days from the service of the said answer to plead to the same." *Held,* that the new defendants were not entitled to answer the complaint.

Appeal from special term, Erie county.

Action by the Manufacturers' & Traders' Bank against Nathan H. Winslow and others. There was a judgment for defendants, and plaintiff appeals.

Argued before DWIGHT, P. J., and MACOMBER, J.

*J. G. Milburn,* for appellant. *George Wadsworth,* for respondent Welch. *M. H. Peck,* for respondent Josephine W. Winslow.

DWIGHT, P. J. The action was brought against the defendants Nathan H. Winslow and William F. Kip on an undertaking executed by them, as sureties for Josephine W. Winslow, to perfect her appeal to the court of appeals from a judgment recovered against her by the plaintiff. The answer of the two original defendants admitted the facts constituting the plaintiff's cause of action, as alleged in the complaint, but set up, by way of an equitable defense, various matters in detail, which may be summarized as follows: That the judgment recovered against Mrs. Winslow was on an indebtedness to the plaintiff of the Niagara Falls Paper Manufacturing Company, a corporation, of which Mrs. Winslow was a trustree, and that her alleged liability was the statutory one for failure to make and file an annual report; that she was not a debtor, on her own account, to the plaintiff in any sum whatever, nor to the Niagara Falls Paper Company, but that said company was her debtor in the sum of $50,000 and upwards; that at various times—some of them "at and before the trial of the action in which the judgment of Mrs. Winslow was obtained," and some of them "since the recovery of the judgment upon which the undertaking was given"—the Niagara Falls Paper Company, its president, Lauren C. Woodruff, both as such and individually, and Mrs. Winslow herself, had transferred, turned out, and delivered to the plaintiff large amounts of securities, property, and money "for the security, payment, and satisfaction" of the company's indebtedness to the plaintiff, including the indebtedness upon which such judgment was recovered, from, out of, and by means of which the plaintiff had realized large sums of money, upon the proper application of which the judgment against Mrs. Winslow, upon which the undertaking of the defendants was given, was and would be fully paid and satisfied; and the defendants prayed for judgment that an accounting might be had of the amounts so realized by the plaintiff, applicable to the extinguishment of the liability represented by said judgment, and that the same be so applied to the extent of the liability claimed by the plaintiff against the defendants, and that the plaintiff's complaint be dismissed. Upon this answer, to which no exception seems to have been taken by demurrer or otherwise, and an affidavit mainly in reaffirmance thereof, and showing the appointment of Welch as receiver of the paper company, the original defendants moved the court to bring in new defendants, including Mrs. Winslow and the

receiver, Welch, "as additional and necessary parties" to the action. The order was granted, apparently without opposition on the part of the plaintiff, and contained directions for the service of the complaint and of the original answer on each of the new defendants, who should have "twenty days from the service of the said answer to plead to the same." Mrs. Winslow's answer was a transcript of that of the original defendants, adding the superfluous admission of the truth of the same. The answer of the defendant Welch, as receiver of the Niagara Falls Paper Company, also admitted all the facts constituting the plaintiff's cause of action, and that the judgment secured by the undertaking of the defendants had not been paid, unless by reason of the matters alleged in the answer, of which he disclaimed knowledge or information sufficient to form a belief. It denied that the paper company was indebted to Mrs. Winslow in any sum, and averred that the alleged indebtedness of Mrs. Winslow to the company mentioned in the answer of the original defendants was the subject of an action theretofore commenced by Mrs. Winslow against the company, and then pending and undetermined. The answer of the receiver then proceeded to allege dealings and transactions between the paper company and the plaintiff, as alleged in the answer of Winslow and Kip, and otherwise, by which large amounts of property and large sums of money of the company came into the hands of the plaintiff, and which were largely in excess of the moneys paid out by it to and for the use of the company. These allegations are altogether general, with the exception of one relating to the receipt by the plaintiff of a large quantity of printing paper, and its sale for the account of the paper company, by which the plaintiff realized several thousand dollars, for which the receiver drew his check payable to the order of his attorney; which, being duly indorsed, was presented to the plaintiff for payment, and payment thereof was refused. And the receiver concludes his answer with a demand for an accounting between the plaintiff and the paper company, and that the amount due from the former to the latter be ascertained, and that the receiver have judgment therefor.

The motion of the plaintiff is to strike out the whole of the answer of Mrs. Winslow except her admission of the truth of the answer of the original defendants, and from the answer of the receiver all except his denial of the indebtedness of the company to Mrs. Winslow, and his plea of a pending action between those parties. We are inclined to think that both of the motions should have been granted. In the case of Mrs. Winslow's answer, no ground of the motion is specified in the notice; but no preliminary objection was made on that ground, and, as far as appears, the motion in both cases was heard on its merits. In the case of the receiver, the ground stated is that the portions of the answer objected to are unauthorized by the order which brought in the additional defendants, and by the law and practice of the court; and the briefs and arguments of counsel indicate that both motions were based upon the broad ground that the additional defendants were not entitled to make any answer to the complaint; and this position seems to us tenable. The complaint was in a simple action at law to recover from the original defendants the amount of a judgment which they had undertaken to pay in the event—which had occurred—of affirmance by the court of appeals. Their defense was purely affirmative, to the effect that property and credits of certain third persons, in the hands of the plaintiff, were applicable to the payment of the judgment, and thus to the discharge of the liability of the defendants against whom the action was brought; and this involved the necessity of an accounting to ascertain what property and credits were so applicable. The order bringing in these third persons as parties to the action was apparently made on the theory that they might be interested to deny the allegations of the answer, and make common cause with the plaintiff in resisting the application of property and credits belonging to them to the payment or discharge of the liability of the original defendants. They could not be heard to deny the

plaintiff's cause of action, because they were not parties to it, nor to set up any affirmative defense thereto by way of avoidance or set-off or counter-claim; and therefore it was, we suppose, that the order which brought them in gave them leave only to plead to the answer of the other defendants, which pleading alone contained allegations or asked for relief which in any manner affected their rights. Otherwise, what would be the *status* of the case if the answer of the original defendants should be withdrawn? Undoubtedly, the plaintiff would be entitled to the judgment asked for in the complaint; but, upon the theory of the new defendants, it must still litigate the affirmative defenses and causes of action set up by them. We do not see that there was anything in the complaint which called for or permitted an answer from either of the respondents, and we are of opinion that the motions to strike out should have been granted. The orders appealed from should be reversed, and the motions severally granted; but as the case is somewhat anomalous, and the questions involved novel, the order should be without costs of the appeal to either party.